# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Seth Grant Huntington,<br><br>                Defendant. | Crim. No. 20-145 (ECT/BRT)<br><br>**ORDER** |

Benjamin Bejar, Esq., Assistant United States Attorneys, counsel for Plaintiff.

Thomas H. Shiah, Esq., Law Offices of Thomas H. Shiah, Ltd., counsel for Defendant.

---

This matter is before the Court on Defendant Seth Grant Huntington's pretrial motions. Based on the file and documents contained therein, the Court makes the following Order:

**1.     Government's Motion for Discovery.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendant pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the Government seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.2, if Defendant plans to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of the Defendant bearing on the issue of guilt. The Government also seeks notice (by the pretrial-motions-

hearing date) pursuant to Fed. R. Crim. P. 12.3 if Defendant intends to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendant has filed no objection to the motion. Therefore, Defendant is hereby ordered to comply with his discovery and disclosure obligations under the aforementioned rules. The Government's Motion for Discovery (**Doc. No. 10**) is **GRANTED**.

2.      **Defendant's Motion for Compliance with Federal Rule of Criminal Procedure 16.** Defendant seeks an order pursuant to Rule 16 requiring the Government to disclose or continue to disclose all written, recorded, or oral statements made by Defendant, the substance of any oral statements made by Defendant, and Defendant's prior record. In addition, Defendant asks for permission to inspect and/or copy certain objects, including photographs, which are material to the preparation of his defense or are intended for use by the Government in its case-in-chief, and the results of any physical or mental examinations, and of scientific tests or experiments. Defendant also requests a written summary of all testimony the Government intends to introduce pursuant to Federal Rules of Evidence 702, 703, or 705, a description of the witnesses' opinions, and a description of the witnesses' qualifications. The Government agrees to provide all Rule 16 information, and represents that it shall make the required expert witness disclosures no later than fourteen days before trial. Defendant's Motion for Compliance with Federal Rule of Criminal Procedure 16 (**Doc. No. 15**) is **GRANTED** to the extent that the motion conforms to the scope of Rule 16. Any expert witness information shall be disclosed at least **fourteen days** prior to trial.

3.      **Defendant's Motion to Suppress Any Statements Made by Defendant.**
Defendant moves the Court for an Order suppressing any statements taken from Defendant in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Specifically, Defendant seeks to suppress statements made at the time of his arrest on June 23, 2020, and again on July 6, 2020, while Defendant was in custody at the Olmsted County Jail. Defendant maintains that these statements were involuntary, and that the latter was made without a proper *Miranda* warning. The Government opposes the motion. The Court requests post-hearing briefing on the issue. Defendant shall file his post-hearing brief no later than **October 7, 2020**, and the Government shall file its response by **October 21, 2020**. The Court will take Defendant's Motion to Suppress Any Statements Made by Defendant (**Doc. No. 16**) under advisement on **October 21, 2020**, and issue a Report and Recommendation to the District Court.

4.      **Defendant's Motion to Suppress Any Evidence Obtained as a Result of Any Illegal Searches.** Defendant seeks an Order suppressing any physical evidence obtained as the result of the search of a residence located at XXXX 4th Ave. SE, Apt. D, Rochester, Minnesota, pursuant to a search warrant. Defendant alleges that the search was not constitutionally authorized nor conducted in a lawful manner. The Government opposes the motion. The Court requests post-hearing briefing on the issue. Defendant shall file his post-hearing brief no later than **October 7, 2020**, and the Government shall file its response by **October 21, 2020**. The Court will take Defendant's Motion to Suppress Any Statements Made by Defendant (**Doc. No. 17**) under advisement on **October 21, 2020**, and issue a Report and Recommendation to the District Court.

5.     **Defendant's Motion to Disclose Government's Intent to Introduce Any 404(b) Evidence.** Defendant moves for disclosure of any evidence the Government intends to offer at trial pursuant to Fed. R. Evid. 404(b). The Government agrees to provide notice of any Rule 404(b) evidence it intends to use at trial no later than two weeks prior to trial, to the extent it has not already been disclosed. Defendant's Motion for Pretrial Disclosure of Rule 404 Evidence **(Doc. No. 18)** is **GRANTED** to the extent that the Government must disclose any evidence subject to Fed. R. Evid. 404(b) at least **fourteen days** before trial.

6.     **Defendant's Motion to Disclose Any Evidence That Is "Helpful" to The Defense.** Defendant moves the Court for an order compelling the Government to disclose evidence favorable to the defense, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The Government represents that it is aware of its obligations under *Brady* and *Giglio*, and agrees to provide such information to the extent required by *Brady*, *Giglio*, and their progeny. The Government objects to Defendant's motion to the extent its requests are overbroad or seeks material whose discovery is not authorized by *Brady*.

Regarding impeaching material that must be disclosed under *Giglio*, the Government agrees to provide a copy of the criminal records, where applicable, of its witnesses, immediately before trial. The Government also agrees to provide Defendant immediately prior to trial promises or agreements between the government and its witnesses, if any exist. The Government represents that it will not provide such materials

with respect to persons who will not be called as witnesses because such a request is beyond the scope of *Brady* and the rules of discovery.

Defendant's Motion to Disclose Any Evidence That Is "Helpful" to The Defense **(Doc. No. 19)** is **GRANTED** to the extent that the Government must continue to comply with its disclosure obligations under *Brady*, *Giglio*, and their progeny.

Within 10 days of the date of this order the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this order, and must promptly supplement its disclosure upon receipt of any additional such information not previously disclosed. The Government shall also disclose witness information, including impeachment evidence, prior to trial.

**7.      Defendant's Motion for Early Release of Jencks Act Materials.**
Defendant moves for an order requiring the Government's early compliance with the Jencks Act, specifically requesting disclosure at least two weeks prior to the commencement of trial. The Jencks Act generally provides that the Government may not be compelled to disclose witness statements and reports prior to presentation of the witness' testimony at trial. Because the statute plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Act Materials **(Doc. No. 20)** is **DENIED**. However, nothing in this Order precludes the Government

5

from making Jencks Act material available to Defendant three days prior to trial as it has represented that it will.

**8.**     The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by U.S. District Judge Eric C. Tostrud.

Date:  September 10, 2020

 <i>s/ Becky R. Thorson</i><br>
BECKY R. THORSON<br>
United States Magistrate Judge