UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-145 (ECT/BRT)

_____

United States of America,

                Plaintiff,        **DEFENDANT'S MEMORANDUM IN SUPPORT OF**

vs.                                   **PRETRIAL MOTIONS**

Seth Grant Huntington,

                Defendant.

_____

    Defendant Seth Grant Huntington, by and through his attorney, Thomas H. Shiah, Esq., has moved the Court for an order suppressing certain statements, *see* ECF Doc. 16, and suppressing physical evidence obtained in reliance on a search warrant, *see* ECF Doc. 17. Mr. Huntington also filed a reply to the government, providing a more detailed explanation of the challenge to the search warrant. (*See* ECF Doc. 30.) At the motions hearing held on September 9, 2020, the government offered two exhibits: 1) the search warrant subject to Mr. Huntington's challenge; and 2) a recording of a custodial interrogation of Mr. Huntington. The Court heard testimony from Inv. Caleb Tisdahl of the Rochester Police Department regarding the challenge to Mr. Huntington's statements.

    In support of his suppression motions, Mr. Huntington now offers the following:

# **ARGUMENT**

### I. THE SEARCH WARRANT AFFIDAVIT WAS SO LACKING IN PROBABLE CAUSE THAT NO REASONABLE OFFICER COULD HAVE RELIED UPON IT IN GOOD FAITH.

Mr. Huntington has moved the Court for an order suppressing all evidence obtained in reliance on a search warrant executed upon his apartment on 4th Avenue SE in Rochester. Because the affidavit supporting that warrant did not establish probable cause to believe evidence of criminal activity would be found in the apartment, and because the failures of probable cause were so clear that they would have been readily apparent to a reasonable officer, Mr. Huntington asks the Court to grant his motion to suppress.

The basis for this motion was argued in Mr. Huntington's reply to the government, *see* ECF Doc. 30, and Mr. Huntington relies on and incorporates here the arguments made in that reply. In short, the affidavit supporting the search warrant for the apartment rested entirely on statements made by a "concerned citizen" whose identity was not revealed. The statements of this alleged concerned citizen were insufficient to establish probable cause to believe that evidence would be found in the apartment. There was not enough information supplied about this concerned citizen for the affiant or the magistrate to assess the veracity and reliability of the statements. *See United States v. Ketzeback*, 358 F.3d 987 (8th Cir. 2004) (citing *Illinois v. Gates*, 462 U.S. 213, 230 (1983)). The statement did not establish a nexus to the apartment. Moreover, the failures of probable cause and nexus were so apparent that no reasonable officer could have relied upon the warrant in good faith. Mr. Huntington therefore asks the Court to suppress all evidence obtained in reliance on that warrant.

## II. MR. HUNTINGTON'S STATEMENTS WERE NOT GIVEN FREELY AND VOLUNTARILY.

*Miranda v. Arizona*, 384 U.S. 436, 484 (1966), "requires that a warning as to the availability of the privilege against self-incrimination and to the assistance of counsel be issued prior to questioning whenever a suspect is (1) interrogated (2) while in custody." *United States v. Griffin*, 922 F.2d 1343, 1347 (8th Cir. 1990). The government bears the burden of proving the validity of a *Miranda* waiver by a preponderance of the evidence. *See United States v. Haggard*, 368 F.3d 1020, 1024 (8th Cir. 2004). In determining whether a waiver was made voluntarily, knowingly, and intelligently, the Court must determine, first, whether the waiver was "the product of a free and deliberate choice rather than intimidation, coercion, or deception," and second, whether the suspect waived his rights "with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *See United States v. Vinton*, 631 F.3d 476, 483 (8th Cir. 2011) (citation omitted). As part of this analysis, the Court "must examine both 'the conduct of the law enforcement officials and the capacity of the suspect to resist pressure to confess.'" *United States v. Syslo,* 303 F.3d 860, 866 (8th Cir. 2002) (quoting *United States v. McClinton,* 982 F.2d 278, 282 (8th Cir. 1992)).

When he conducted the interrogation recorded in Government Exhibit 2, Inv. Tisdahl was aware that he was dealing with someone with a history of drug use. He testified that he'd had prior encounters with Mr. Huntington, and in his first meeting "[i]t was obvious" that Mr. Huntington had been on drugs. (Mtns T. 22–23.) Before speaking with Mr. Huntington, Inv. Tisdahl also knew from checking criminal history records that Mr.

Huntington had a history of methamphetamine use. (*See id.* at 23.)

Despite this, Inv. Tisdahl did not ask Mr. Huntington whether he was under the influence of drugs at the time they spoke. (*See id.* at 24.) Inv. Tisdahl knew that Mr. Huntington had only been in the jail for a few hours and had not had time to fully detoxify from whatever he had ingested prior to his arrest. (*See id.* at 23.)

The government bears the burden of establishing the validity of a *Miranda* waiver, and they cannot do so here. Mr. Huntington was a known methamphetamine user, but the officer made no attempt to determine whether he could engage in a free and voluntary waiver of his essential constitutional rights. In light of that failure, the recorded statement that Mr. Huntington gave should be suppressed.

The second statement, taken during a DNA search, is also subject to suppression because the officer gave no *Miranda* warning before taking it. (*See id.* at 26.) Although the government will likely argue that no interrogation occurred, the investigator should have known that the discussion he had with Mr. Huntington would be reasonably likely to elicit an incriminating response: "the term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980).

Here, the discussion was about Mr. Huntington's charges. (*See* Mtns T. 19–20.) Any discussion about charges, whether they were the ones that had been filed previously or any potential ones that may have been filed later, was inevitably bound to lead to

potentially incriminating responses. A *Miranda* warning was required, and the failure to advise Mr. Huntington about his rights means that the statement should be suppressed.

## **CONCLUSION**

For the reasons stated above and in his prior filings, Mr. Huntington respectfully asks the Court to grant his motions to suppress.


Dated: October 7, 2020                    Respectfully submitted,

                                          S/Thomas H. Shiah
                                          Thomas H. Shiah #100365
                                          331 Second Ave South, Ste 705
                                          Minneapolis, Minnesota 55401
                                          (612) 338-0066

                                          ATTORNEY FOR DEFENDANT